FÉLIX BENÍTEZ REXACH, Plaintiff and Appellee, v. R. SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 7558. Argued July 19, 1937.—Decided July 28, 1937.

B. *Fernández García, Attorney General* and *E. Campos del Toro, Assistant Attorney General,* for appellant. *M. Guerra Mondragón,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

We are asked to dismiss this appeal on the ground that "the appeal was not taken by the defendant from the only real and effective judgment which the lower court rendered.

He did appeal from a supposed judgment in which a court is said to have decreed a preliminary injunction which never was decreed since, as this Hon. Court has held in *Blanco* v. *Hernández et al.*, 18 P.R.R. 686, 'when a temporary injunction is made perpetual it becomes merged in the latter' ".

It is also sought to have the appeal dismissed as being frivolous, and that costs should be imposed on the appellant on the ground of obstinacy.

Appellant objected. He maintains that he appealed from the only judgment rendered in the case and that his appeal is not frivolous, and that he has not been obstinate.

■ The record was filed in the office of the clerk of this Court on June 28th last. It consists of the judgment roll and of the transcript of the evidence. The judgment roll contains the complaint whereby the appellee sought the issuance of a permanent injunction and meanwhile a preliminary one; the order of the court decreeing that, "in view of the motion for a preliminary injunction," defendant should show cause why the relief sought should not be granted; a restraining order against the defendant after the giving of a bond; the answer of the defendant to the restraining order and to the petition for a preliminary injunction; his answer to the complaint; a stipulation of the parties by virtue of which 'they agree, after approval by the court, that the court's decision in the incident of the preliminary injunction, shall be extended as a final judgment, to the writ of permanent injunction"; the order of the court approving the stipulation and its decision of October 19, 1936, based on a statement of the case and opinion, rendering judgment for plaintiff and as a result decreeing the permanent injunction sought; the notice of judgment to the defendant and the notice of appeal, which reads: "You are hereby notified that the defendant, feeling aggrieved by the judgment rendered in this case on October 19, 1936, and notified to this party on the 22nd of the same month and year, whereby the issuance of a writ of preliminary injunction against the de-

fendant was decreed, appeals from the same to the Supreme Court''.

From the fact that the notice contains the words ''whereby the issuance of a writ of preliminary injunction against the defendant was decreed'' it may not be inferred that the defendant appealed from nothing, as there is no judgment decreeing a preliminary injunction, said statement constituting, in our opinion, but an erreoneous description of the scope of the judgment which cannot destroy the express intention of the defendant to appeal, as he did appeal, from the ''judgment rendered on October 19, 1936 and notified to this party on the 22nd of the same month'', which is the only judgment rendered in the suit, finally decided by the court upon the pleadings and the evidence presented as a result of the petition for a preliminary injunction, and the stipulation of the parties above referred to.

█ Therefore, a dismissal of the appeal does not lie on the first ground alleged; nor on the second, as, after a study of the arguments stated both in the motion to dismiss and in the brief of appellant which accompanied his motion of opposition, we are not convinced that the appeal is clearly frivolous.

Mr. Justice Córdova Dávila took no part in the decision of this case.